CAUSE NO. 201010795

| | RECEIPT  NO. 399139 | 0.00 | MTA |
| | 02-18-2010 | TR # 72504933 | |

PLAINTIFF: KEEGANS GLEN APARTMENTS LTD (D/B/A CASA NUBE EN BI
vs.
DEFENDANT: LEXINGTON INSURANCE COMPANY

In The  80th
Judicial District Court
of Harris County, Texas
80TH DISTRICT COURT
Houston, TX

CITATION (INSURANCE COMMISSION CORPORATE)

THE STATE OF TEXAS
County of Harris

TO: LEXINGTON INSURANCE COMPANY (CORPORATION) BY SERVING THE TEXAS
    COMMISSIONER OF INSURANCE
    P O BOX 149104  AUSTIN TX 78701

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 18th day of February, 2010, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 19th day of February, 2010, under my hand and
seal of said Court.

Issued at request of:
HUNZIKER, SCOTT GARYT
25511 BUDDE RD #202
THE WOODLA, TX 77380
Tel: (713) 861-0015
Bar No.: 24032446

LOREN JACKSON, District Clerk
Harris County, Texas
201 Caroline      Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: CUERO, NELSON    7MM/7MM/8634460

OFFICER/AUTHORIZED PERSON RETURN

Received on the ____ day of _____, _____, at _____ o'clock ____ .M., and

executed the same in _____ County, Texas, on the ____ day of _____, _____, at

_____ o'clock _____.M., by summoning the _____,

        by delivering to _____, in person _____

a corporation <

        by leaving in the principal office during office hours

_____ of the said _____

a true copy of this notice, together with accompanying copy of

Serving _____ copy _____ $ _____

_____                    By _____
        Affiant                                                 Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                            _____
                                            Notary Public

N.INT.INSC.P




EXHIBIT
A

CAUSE NO. 201010795

RECEIPT  NO. 399139                    0.00        MTA
                          02-18-2010              TR # 72504929
PLAINTIFF: KEEGANS GLEN APARTMENTS LTD (D/B/A CASA NUBE EN BI
    vs.                                    In The  80th
DEFENDANT: LEXINGTON INSURANCE COMPANY     Judicial District Court
                                           of Harris County, Texas
                                           80TH DISTRICT COURT
                                           Houston, TX
THE STATE OF TEXAS             CITATION (NON-RESIDENT)
County of Harris

TO: MAESTRE, IOLANDA GONZALEZ
    MAY BE SERVED WITH PROCESS AT HER PLACE OF EMPLOYMENT
    100 SUMMER STREET  BOSTON MA 02110

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 18th day of February, 2010, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 19th day of February, 2010, under my hand and
seal of said Court.

Issued at request of:                      LOREN JACKSON, District Clerk
HUNZIKER, SCOTT GARYT                       Harris County, Texas
25511 BUDDE RD #202                         201 Caroline      Houston, Texas 77002
THE WOODLA, TX 77380                        (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 861-0015
Bar No.: 24032446                          GENERATED BY: CUERO, NELSON   7MM/7MM/8634460

STATE OF _____
                          OFFICER/AUTHORIZED PERSON RETURN
County of _____

PERSONALLY APPEARED before me, the undersigned authority, _____
who being by me duly sworn, deposes and says that in the County of _____
State of _____ he delivered to the within named defendants in person at the
following times and places to wit:

| NAME | DATE | | | TIME | | PLACE |
|------|------|---|---|------|---|-------|
|      | MONTH | DAY | YEAR | HOUR | MIN | |
|      |      |   |   |      |   |       |
|      |      |   |   |      |   |       |
|      |      |   |   |      |   |       |

a true copy of this notice, with a copy of:

accompanying same; and further, that he is an adult and is in no manner interested in this suit
and is the person competent to make oath of the fact.

                                            _____
                                                 Affiant/Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                            _____
                                                 Notary Public

N.NT.CITN.P

CAUSE NO. 201010795

| | RECEIPT  NO. 399139 | 0.00 | MTA |
| | 02-18-2010 | TR # 72504931 | |

PLAINTIFF: KEEGANS GLEN APARTMENTS LTD (D/B/A CASA NUBE EN BI    In The  80th
vs.    Judicial District Court
DEFENDANT: LEXINGTON INSURANCE COMPANY    of Harris County, Texas
80TH DISTRICT COURT
Houston, TX

CITATION (NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

TO: PARKER, T GREGG
    MAY BE SERVED WITH PROCESS AT HIS PLACE OF EMPLOYMENT
    100 SUMMER STREET  BOSTON MA 02110

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 18th day of February, 2010, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 19th day of February, 2010, under my hand and
seal of said Court.

Issued at request of:    LOREN JACKSON, District Clerk
HUNZIKER, SCOTT GARYT    Harris County, Texas
25511 BUDDE RD #202    201 Caroline     Houston, Texas 77002
THE WOODLA, TX 77380    (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 861-0015
Bar No.: 24032446    GENERATED BY: CUERO, NELSON   7MM/7MM/8634460

STATE OF _____

County of _____

OFFICER/AUTHORIZED PERSON RETURN

PERSONALLY APPEARED before me, the undersigned authority, _____
who being by me duly sworn, deposes and says that in the County of _____
State of _____ he delivered to the within named defendants in person at the
following times and places to wit:

| NAME | DATE | | | TIME | | PLACE |
|------|------|-----|------|------|-----|-------|
| | MONTH | DAY | YEAR | HOUR | MIN | |
| | | | | | | |
| | | | | | | |

a true copy of this notice, with a copy of:

accompanying same; and further, that he is an adult and is in no manner interested in this suit
and is the person competent to make oath of the fact.

    Affiant/Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

    Notary Public

N.INT.CITN.P

CAUSE NO. 201010795

|  | RECEIPT  NO. 399139 | 0.00     MTA |
|---|---|---|
|  | 02-18-2010 | TR # 72504932 |

PLAINTIFF: KEEGANS GLEN APARTMENTS LTD (D/B/A CASA NUBE EN BI          In The  80th
vs.                                                                   Judicial District Court
DEFENDANT: LEXINGTON INSURANCE COMPANY                                of Harris County, Texas
                                                                      80TH DISTRICT COURT
                                                                      Houston, TX

CITATION (NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

TO: DUFF, MICHAEL
    MAY BE SERVED WITH PROCESS AT HIS PLACE OF EMPLOYMENT
    100 SUMMER STREET  BOSTON MA 02110

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 18th day of February, 2010, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 19th day of February, 2010, under my hand and
seal of said Court.

Issued at request of:                  LOREN JACKSON, District Clerk
HUNZIKER, SCOTT GARYT                  Harris County, Texas
25511 BUDDE RD #202                    201 Caroline     Houston, Texas 77002
THE WOODLA, TX 77380                   (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 861-0015
Bar No.: 24032446                      GENERATED BY: CUERO, NELSON   7MM/7MM/8634460

STATE OF _____
                                OFFICER/AUTHORIZED PERSON RETURN
County of _____

PERSONALLY APPEARED before me, the undersigned authority, _____
who being by me duly sworn, deposes and says that in the County of _____
State of _____  he delivered to the within named defendants in person at the
following times and places to wit:

| NAME | DATE | | | TIME | | PLACE |
|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | HOUR | MIN | |
| | | | | | | |
| | | | | | | |

a true copy of this notice, with a copy of:

accompanying same; and further, that he is an adult and is in no manner interested in this suit
and is the person competent to make oath of the fact.

                                                   _____
                                                   Affiant/Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                                   _____
                                                   Notary Public

NJNT.CITN.P

Filed 10 February 18 A10:2
Loren Jackson - District Cle
Harris County
ED101J015873743
By: Nelson Cuero

**2010-10795 / Court: 80**

CAUSE NO. _____

| | | |
|---|---|---|
| KEEGANS GLEN APARTMENTS, LTD. D/B/A CASA NUBE EN BISSONNET, **Plaintiff** | § § § § § | IN THE DISTRICT COURT OF |
| **v.** | § § § | HARRIS COUNTY, TEXAS |
| LEXINGTON INSURANCE COMPANY, CUNNINGHAM LINDSEY U.S., INC., RANDAL ORDNER, INDIVIDUALLY, ROBERT HOVANEC, INDIVIDUALLY, LARRY COUVILLON, INDIVIDUALLY, PAUL ODOM, INDIVIDUALLY, IOLANDA GONZALEZ MAESTRE, INDIVIDUALLY, T. GREGG PARKER, INDIVIDUALLY AND MICHAEL DUFF, INDIVIDUALLY, **Defendants** | § § § § § § § § § § § § § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff Keegans Glen Apartments, Ltd. d/b/a Casa Nube En Bissonnet (hereinafter "Casa Nube"), and complains of Defendants Lexington Insurance Company (hereinafter "Lexington"), Cunningham Lindsey U.S., Inc. (hereinafter "Cunningham"), Randal Ordner, individually (hereinafter "Ordner"), Robert Hovanec, individually (hereinafter "Hovanec"), Larry Couvillon, individually hereinafter "Couvillon"), Paul Odom, individually (hereinafter "Odom"), Iolanda Gonzalez Maestre, individually (hereinafter "Maestre"), T. Gregg Parker, individually (hereinafter "Parker") and Michael Duff, individually (hereinafter "Duff"), (hereinafter referred to collectively as "Defendants"). In support of its claims and causes of action, Casa Nube would respectfully show the Court as follows:

Certified Document Number: 44590611 - Page 1 of 16

## DISCOVERY LEVEL

1.      Casa Nube intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear Casa Nube's claims under Texas common law and Texas statutory law.   Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court.   Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within Harris County, Texas.

## PARTIES

3.      Keegans Glen Apartments, Ltd., is a Texas limited partnership with offices located within Dallas, Dallas County, Texas doing business in Harris County, Texas as Casa Nube en Bissonnet.   Specifically, Casa Nube owns the commercial property at issue in this case, located at 9700 Court Glenn Drive, Houston, Texas 77099.

4.      Defendant Lexington Insurance Company is a corporation engaged in the business of writing insurance policies and providing insurance coverage to businesses, and/or handling insurance claims. This includes the Casa Nube commercial policy 32582700, which is at issue in the present case. Lexington may be served by serving the Texas Commissioner of Insurance, PO Box 149104, Austin, Texas 78701.

5.      Defendant Cunningham Lindsey U.S., Inc. is a Texas corporation in the business of adjusting insurance claims. Cunningham does business within the state of Texas, and may be served through its registered agent, National Registered Agents, Inc. at 16055 Space Center Boulevard, Suite 235, Houston, Texas 77062.

Certified Document Number: 44590611 - Page 2 of 16

6.      Defendant Randal Ordner is an individual employed by Cunningham and may be served personally at his place of employment at 4201 FM 1960 West, Suite 255, Houston, Texas 77068.

7.      Defendant Larry Couvillon is an individual employed by Cunningham and may be served personally at his place of employment at 4201 FM 1960 West, Suite 255, Houston, Texas 77068.

8.      Defendant Robert Hovanec is an individual employed by Cunningham and may be served personally at his place of employment at 4201 FM 1960 West, Suite 255, Houston, Texas 77068.

9.      Defendant Paul Odom is an individual employed by Cunningham and may be served personally at his place of employment at 4201 FM 1960 West, Suite 255, Houston, Texas 77068.

10.     Defendant Iolanda Gonzalez Maestre is an employee of Lexington Insurance Company and may be served with process at her place of employment, 100 Summer Street, Boston, MA 02110.

11.     Defendant T. Gregg Parker is an employee of Lexington Insurance Company and may be served with process at his place of employment, 100 Summer Street, Boston, MA 02110.

12.     Defendant Michael Duff is an employee of Lexington Insurance Company and may be served with process at his place of employment, 100 Summer Street, Boston, MA 02110.

## NATURE OF THE CASE

13.     All parties agree that Casa Nube's commercial property located at 9988 Windmill Lakes Blvd, Houston, Harris County, Texas, suffered catastrophic damage as a result of Hurricane Ike. In the aftermath, Casa Nube relied on its insurer, agents and adjusters to help begin the slow and painful rebuilding process. By and through its Lexington commercial policy,

Certified Document Number: 44590611 - Page 3 of 16

specifically identified as 32582700, Casa Nube was objectively insured for the subject loss in this matter.

14.     Pursuant to its obligations as a policy holder, Casa Nube made absolute and complete payment of all commercial insurance premiums in a timely fashion. Moreover, such commercial policy covered Casa Nube during the time period within which the Hurricane Ike tragedy struck Houston, Texas, as well as its surrounding areas.

15.     Defendants improperly adjusted and otherwise mishandled Casa Nube's property claim for related damages. Resultantly, Casa Nube did not receive the coverage for which it had originally contracted with Defendants. Unfortunately, Casa Nube has therefore been forced to file this suit in order to recover damages arising from the above conduct, as well as Defendants' unfair refusal to pay insurance benefits as represented by its agent and by the Lexington commercial policy originally sold to Casa Nube.  As indicated below, Casa Nube seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

16.     All conditions precedent to recovery by Casa Nube have been met or have occurred.

## AGENCY

17.     All acts by Defendants were undertaken and completed by their officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendants and/or were completed in their normal and routine course and scope of employment with Defendants.

Certified Document Number: 44590611 - Page 4 of 16

## NEGLIGENCE

18.     Casa Nube incorporates all above paragraphs as if fully set forth herein.

19.     Defendants had and owed a legal duty to Casa Nube to properly adjust the structural loss, property damage and other insurance losses associated with the Casa Nube commercial property.  Defendants breached this duty in a number of ways, including but not limited to the following:

> a.     Defendants were to exercise due care in adjusting and paying policy proceeds regarding Casa Nube's commercial property loss;
>
> b.     Defendants had a duty to competently and completely handle and pay all damages associated with Casa Nube; and/or
>
> c.     Defendants failed to properly complete all adjusting activities associated with Casa Nube.

20.     Defendants' acts, omissions, and/or breaches did great damage to Casa Nube, and were a proximate cause of its damages.

## BREACH OF CONTRACT

21.     Casa Nube incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

22.     According to the Lexington commercial policy that Casa Nube purchased, Defendants had the absolute duty to investigate Casa Nube's damages, and to pay Casa Nube's policy benefits for claims made due to the extensive damages caused by Hurricane Ike.

23.     As a result of Hurricane Ike, Casa Nube suffered extreme external and internal damages as well as other hurricane-related business losses.

24.     Despite objective evidence of such damages, Defendants have breached its contractual obligations under the subject insurance policy by failing to pay Casa Nube's benefits relating the cost to properly repair Casa Nube, as well as for related losses. As a result of this breach, Casa Nube has suffered actual and consequential damages.

Certified Document Number: 44590611 - Page 5 of 16

## VIOLATIONS OF TEXAS DECEPTIVE TRADE
## PRACTICES ACT AND TIE-IN-STATUTES

25.     Casa Nube incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

26.     Defendants' collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the TEX. BUS. & COMM. CODE. Defendants collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

       a.  Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

       b.  Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

       c.  Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

       d.  Using or employing an act or practice in violation of the Texas Insurance Code;

       e.  Unreasonably delaying the investigation, adjustment and resolution of Casa Nube's claim;

       f.  Failure to properly investigate Casa Nube's claims; and/or

       g.  Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Defendants in low-balling and/or denying Casa Nube's hurricane damage claims.

27.     As described in this Petition, Defendants represented to Casa Nube that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Casa Nube the right to recover under Section 17.46 (b)(5) of the DTPA;

Certified Document Number: 45909611 - Page 6 of 16

28.    As described in this Petition, Defendants represented to Casa Nube that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA;

29.    By representing that Defendants would pay the entire amount needed by Casa Nube to repair the damages caused by Hurricane Ike and then not doing so, Defendants have violated Sections 17.46 (b)(5), (7) and (12) of the DTPA;

30.    Defendants have breached an express warranty that the damage caused by Hurricane Ike would be covered under the subject insurance policies. This breach entitles Casa Nube to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA;

31.    Defendants' actions, as described herein, are unconscionable in that they took advantage of Casa Nube's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Casa Nube the right to relief under Section 17.50(a)(3) of the DTPA; and/or

32.    Defendants' conduct, acts, omissions, and failures, as described in this Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

33.    Casa Nube was a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices by Defendants to its detriment. As a direct and proximate result of Defendants' collective acts and conduct, Casa Nube has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Casa Nube now sues. All of the above-described acts, omissions, and failures of Defendants are a producing cause of Casa Nube's damages that are described in this Petition.

Certified Document Number: 44590611 - Page 7 of 16

34.     Because Defendants' collective actions and conduct were committed knowingly and intentionally, Casa Nube is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Defendants having knowingly committed their conduct. Additionally, Casa Nube is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Defendants having intentionally committed such conduct.

35.     As a result of Defendants' unconscionable, misleading, and deceptive actions and conduct, Casa Nube has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Casa Nube also seeks to recover their costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Casa Nube may show itself to be justly entitled at law and in equity.

## VIOLATIONS OF TEXAS INSURANCE CODE

36.     Casa Nube incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

37.     Defendants' actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541,061), and Article 21.55 Section 3(f) (codified as Section 542.058).   Specifically, Defendants engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

      a.    Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

      b.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the

Certified Document Number: 44590611 - Page 8 of 16

insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d. Forcing Casa Nube to file suit to recover amounts due under the policy by refusing to pay all benefits due;

e. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

f. Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

38.     Casa Nube was the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Defendants, and Casa Nube relied upon these unfair or deceptive acts or practices by Defendants to their detriment. Accordingly, Defendants became the insurers of Casa Nube.

39.     As a direct and proximate result of Defendants' acts and conduct, Casa Nube has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which they now sue.

40.     Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendants' actions and conduct were committed knowingly and intentionally, Casa Nube is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Defendants having knowingly committed such conduct. Additionally, Casa Nube is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendants having intentionally committed such conduct.

41.     As a result of Defendants' unfair and deceptive actions and conduct, Casa Nube has been forced to retain the legal services of the undersigned attorneys to protect and pursue

Certified Document Number: 44590611 - Page 9 of 16

these claims on their behalf. Accordingly, Casa Nube also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under Section 17.50(d) of the TEX. BUS. & COMM. CODE or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the TEX. INS. CODE and any other such damages to which Casa Nube may show itself to be justly entitled by law and in equity.

## BREACH OF THE COMMON-LAW DUTY OF GOOD FAITH AND FAIR DEALING

42.    Casa Nube incorporates by reference all facts and circumstances in the foregoing paragraphs.

43.    By its acts, omissions, failures and conduct, Defendants have breached its common law duty of good faith and fair dealing by denying Casa Nube's claim or inadequately adjusting and making an offer on Casa Nube's claim without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for these denials.

44.    Defendants have also breached this duty by unreasonably delaying payment of Casa Nube's entire claim and by failing to settle Casa Nube's claims, as Defendants knew or should have known that it was reasonably clear that Casa Nube's claim was covered. These acts, omissions, failures, and conduct by Defendants are a proximate cause of Casa Nube's damages.

## BREACH OF FIDUCIARY DUTY

45.    Casa Nube incorporates by reference all facts and circumstances in the foregoing paragraphs.

46.    Defendants had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Casa Nube.  As a result, Defendants owed a duty of good faith and fair dealing to Casa Nube.  Defendants breached that fiduciary in that:

a.    The transaction was not fair and equitable to Casa Nube;

Certified Document Number: 44590611 - Page 10 of 16

b.   Defendants did not make reasonable use of the confidence that Casa Nube placed in them;

c.   Defendants did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Casa Nube;

d.   Defendants did not place the interests of Casa Nube before its own, and they used the advantage of their position to gain a benefit for themselves at the expense of Casa Nube;

e.   Defendants placed themselves in a position where their self-interest might conflict with their obligations as a fiduciary; and/or

f.   Defendants did not fully and fairly disclose all important information to Casa Nube concerning the sale of the policy.

47.   Defendants are liable for Casa Nube's damages for breach of fiduciary duty, as such damages were objectively caused by Defendants' conduct.

## UNFAIR INSURANCE PRACTICES

48.   Casa Nube incorporates by reference all facts and circumstances in the foregoing paragraphs.

49.   Casa Nube has satisfied all conditions precedent to bringing these causes of action. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

50.   Such violations include, without limitation, all the conduct described in this Petition plus Defendants' failure to properly investigate Casa Nube's claim. They also include Defendants' unreasonable delays in the investigation, adjustment, and resolution of Casa Nube's claim and their failure to pay for the proper repair of Casa Nube's property, as to which Defendants' liability had become reasonably clear.

51.   Additional violations include Defendants' hiring of and reliance upon a biased adjuster and/or engineer to obtain favorable, result-oriented reports to assist them in low-balling

Certified Document Number: 44590611 - Page 11 of 16

and denying Casa Nube's hurricane claim. They further include Defendants' failure to look for coverage and give Casa Nube the benefit of the doubt, as well as Defendants' misrepresentations of coverage under the subject insurance policy. Specifically, Defendants are also guilty of the following unfair insurance practices:

    a.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    b.    Engaging in unfair claims settlement practices;

    c.    Misrepresenting to Casa Nube pertinent facts or policy provisions relating to the coverage at issue;

    d.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Casa Nube's claim as to which Defendants' liability had become reasonably clear;

    e.    Failing to affirm or deny coverage of Casa Nube's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Casa Nube;

    f.    Refusing to pay Casa Nube's claims without conducting a reasonable investigation with respect to the claim; and/or

    g.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

52.    Defendants have also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Casa Nube's damages that are described in this Petition.

**MISREPRESENTATION**

53.    Casa Nube incorporates by reference all facts and circumstances in the foregoing paragraphs.

54.    Defendants are liable to Casa Nube under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Defendants did not inform Casa Nube of certain exclusions in their policy. Misrepresentations were made with

Certified Document Number: 44590611 - Page 12 of 16

the intention that they should be relied upon and acted upon by Casa Nube relied on the misrepresentations to their detriment. As a result, Casa Nube has suffered damages, including but not limited to loss of their residence, loss of use of their residence, mental anguish and attorney fees. Defendants are liable for these actual consequential and penalty-based damages.

## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

55.     Casa Nube incorporates by reference all facts and circumstances in the foregoing paragraphs.

56.     Casa Nube would show that Defendants, individually or collectively, perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Casa Nube, who relied upon such representations that ultimately resulted in its injuries and damages. Alternatively, Defendants fraudulently concealed material facts from Casa Nube, the result of which caused damages to Casa Nube which were foreseeable as Hurricane Ike's landfall in Texas was imminent.

57.     Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Casa Nube, they have sustained damages far in excess of the minimum jurisdictional limits of this Court.

58.     By reason of Casa Nube's reliance on Defendants' individual and/or collective fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Casa Nube has suffered actual damages for which it now sues.

59.     Casa Nube further alleges that because Defendants individually and/or collectively, knew that the misrepresentations made to Casa Nube were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of

Certified Document Number: 44590611 - Page 13 of 16

Defendants, individually and/or collectively, and constitute conduct for which the law allows the imposition of exemplary damages.

60. In this regard, Casa Nube will show that they have incurred significant litigation expenses, including attorney's fees, in the investigation and prosecution of this action.

61. Accordingly, Casa Nube requests that penalty damages be awarded against Defendants, individually and/or collectively, in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

62. Casa Nube incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

63. Defendants have waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Casa Nube.

## DAMAGES

64. Defendants' acts have been the producing and/or proximate cause of damage to Casa Nube that far exceeds the minimum jurisdictional limits of this court.

## ADDITIONAL DAMAGES & PENALTIES

65. Defendants' conduct was committed knowingly and intentionally. Accordingly, Defendants are liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code. Casa Nube is thus clearly entitled to the 18% damages allowed by the Texas Insurance Code.

Certified Document Number: 4459061 - Page 14 of 16

## ATTORNEY FEES

66.    In addition, Casa Nube is entitled to all reasonable and necessary attorney fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## REQUEST FOR DISCLOSURE

67.    Pursuant to the Texas Rules of Civil Procedure, Casa Nube requests that each Defendant disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## PRAYER

Casa Nube prays that Judgment be entered against Defendants, jointly and severally, that Casa Nube be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or unpled within its Original Petition.

WHEREFORE, PREMISES CONSIDERED, Casa Nube prays it be awarded all such relief to which its is due as a result of the acts of Defendants, and for all such other relief to which Casa Nube may be justly entitled.

Certified Document Number: 44590611 - Page 15 of 16

Respectfully submitted,

The Voss Law Firm, P.C.

Bill L. Voss
Texas Bar No. 24047043
Scott G. Hunziker
State Bar No. 24032446
The Austin Building
25511 Budde Road, Suite 202
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021

C. Jake Posey
State Bar No. 2404171
208 W. 14th Street, Suite 201
Austin, Texas 78701
Office: (512)-646-0828
Fax: (866)-902-7153

Sean Bukowski
State Bar No. 24031896
7557 Rambler Road, Suite 280
Dallas, Texas 75231
Telephone: 214-306-6589
Fax: 832-201-0822

**ATTORNEYS FOR CASA NUBE**

Certified Document Number: 44590611 - Page 16 of 16



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this February 18, 2010

Certified Document Number:   44590611 Total Pages:  16

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com